**UNITED STATES DISTRICT COURT**
           **FOR THE EASTERN DISTRICT OF VIRGINIA**
                      **Norfolk Division**

**SHIRLEY R. RHODES, #302810**

                **Petitioner,**

**v.**                                                                  **2:06CV423**

**GENE M. JOHNSON, Director of the**
**Virginia Department of Corrections,**

                **Respondent.**

                              **FINAL ORDER**

        This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254.  The petition alleges violation of federal rights pertaining to petitioner's convictions on September 27, 2001, in the Circuit Court of Brunswick County, Virginia, for first degree murder, as a result of which he was sentenced to life imprisonment in the Virginia penal system.

        The matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia for report and recommendation.  On October 6, 2006, the Magistrate Judge filed his report, recommending that the petition be dismissed as time-barred.  On November 1, 2006, the Court received from petitioner objections to the report, asserting that his petition was filed[1] the day before the statute of limitations expired, but the petition was erroneously returned to him.  Petitioner stated that he refiled his petition as soon thereafter as possible.  On January 4, 2007, in response to the objections, respondent filed a motion for leave to file an amended

---

[1] The day he delivered the petition to the prison officials in the mail room.

answer, which was granted by Order of the same date.  On January 29, 2007, respondent filed an amended motion to dismiss and Rule 5 answer, requesting that the statute of limitations defense in the original answer be withdrawn and addressing petitioner's claims on the merits.

On July 18, 2007, the Magistrate Judge filed an amended report and recommendation, recommending dismissal of the petition.  By copy of the report, each party was advised of his right to file written objections to the findings and recommendations made by the Magistrate Judge.  On August 8, and August 10, 2007, petitioner filed objections (Docs. 43 and 44) to the report, and on August 16, 2007, respondent filed a response to petitioner's objections.

The Court, having reviewed the record and examined the objections filed by petitioner and having made de novo findings with respect to the portions objected to, does hereby adopt and approve the findings and recommendations set forth in the amended report of the United States Magistrate Judge filed July 18, 2007.  It is, therefore, ORDERED that the petition be DENIED and DISMISSED, on the basis of petitioner's procedural default in the state system and on the merits and that judgment be entered in respondent's favor.

To the extent that petitioner objects to respondent's amended motion to dismiss and Rule 5 answer, the objections are without merit. (Doc. 43.)  Counsel for respondent acted appropriately when he learned that an error had been made and that petitioner's claims were not time barred.  Thereafter, counsel filed appropriate pleadings in response to petitioner's claims, and the Magistrate Judge considered the case on the merits.

To the extent petitioner seeks a <u>de nova</u> hearing on his claims, his objection is without merit. (Doc. 43.) Petitioner's arguments are unsupported by the record, the facts of the case, and the law.

To the extent that petitioner objects to the Magistrate Judge's recommendation that Claim 1 be dismissed as procedurally defaulted, the objection is without merit. (Docs. 43 and 44.) Claim 1, addressing the sufficiency of the evidence establishing premeditation, was never presented to the Supreme Court of Virginia and may not be presented here. Sufficiency of the evidence, regardless of the subject matter, must be raised at trial and on appeal to the Supreme Court of Virginia. The matter may not be raised for the first time in a state or federal habeas action. Petitioner has no available excuse to justify raising the claim at this stage of his post-conviction review.

To the extent that petitioner objects to the Magistrate Judge's recommendation that Claim 2 be dismissed as procedurally defaulted, the objection is without merit. (Docs. 43 and 44.) The consideration given to the claim by the Virginia Court of Appeals, on direct appeal, was exceptional. The court relied on the trial record to determine that under Virginia law, there was no evidential support for an instruction to the jury on "heat of passion." That is not a "federal" concept which was not presented as a violation of federal law, and petitioner is not entitled to raise the issue in this Court, after having the claim seriously addressed by a Virginia court.

To the extent that petitioner objects on the ground that the Magistrate Judge used the wrong standard in making his recommendations, the objection is without merit. (Doc. 44.) The trial record and the

pleadings support the Magistrate Judge's conclusions and rebut petitioner's claims.  The Court finds that the standards used by the Magistrate Judge were appropriate, and petitioner's claims are simply not worthy of further consideration.

On August 23, 2007, the petitioner filed a Motion to Quash (Document 46).  Said Motion is DENIED.  However, the court's ruling in this case did not take into consideration the Motion to Quash but was based upon the entire record.

Petitioner may appeal from the judgment entered pursuant to this Final Order by filing a written notice of appeal with the Clerk of this Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within thirty days from the date of entry of such judgment.  Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right."  Therefore, the Court, pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, declines to issue a certificate of appealability.  See Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).

The Clerk shall mail a copy of this Final Order to petitioner and to counsel of record for the respondent.

/s/ Jerome B. Friedman
**UNITED STATES DISTRICT JUDGE**

**Norfolk, Virginia**

**September 19, 2007**